# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02134-DDD-MEH

DONELL J. BLOUNT, SR.,

    Plaintiff,

v.

JEREMIAH YOUNGER, and CURTIS MURPHY,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

Before the court is the amended recommendation (Doc. 65) of United States Magistrate Judge Michael E. Hegarty that the court grant Defendants' motion for summary judgment (Doc. 40). The amended recommendation states that objections to the amended recommendation must be filed within fourteen days after its service on the parties.[1] (Doc. 65 at 9 n.1 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).) The amended recommendation was docketed November 25, 2020. Plaintiff Donell Blount Sr. submitted objections dated December 9, 2020, postmarked December 16, 2020, and docketed on December 22, 2020. Doc. 66. For the following reasons, the court overrules Mr. Blount's objections, adopts Judge Hegarty's report

---

[1] Magistrate Judge Hegarty filed an amended recommendation to add the footnote concerning the fourteen-day timeline for filing objections. His initial recommendation, which was docketed on November 20, 2020, did not include this footnote. *See* Doc. 64. The initial recommendation did not differ in any other way.

- 1 -

and recommendation, and grants Defendants' motion for summary judgment.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, a "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## ANALYSIS

Judge Hegarty's report and recommendation lays out in detail the background facts relevant to these issues. Doc. 65. The court will not retread the facts or analysis in the amended report and recommendation unless necessary to analyze Mr. Blount's objections. In short, Mr. Blount alleges that he was a prisoner of the Colorado Department of Corrections at the Denver Reception and Diagnostic Center in August 2018. Upon

- 2 -

arrival, Mr. Blount threatened to make a complaint to the Prison Rape Elimination Act hotline. After growing hostility between him and the prison guards at the Center, the guards threw Mr. Blount to the ground and sprayed pepper spray in his eyes. The guards then took Mr. Blount to a decontamination shower, and he was later treated for exposure to pepper spray by Defendant Curtis Murphy, a prison nurse. Mr. Blount brought this suit against Defendants for excessive force and deliberate indifference to his serious medical needs. Judge Hegarty recommended that the court enter summary judgment in favor of Defendants on all of Mr. Blount's claims. Mr. Blount's objections to that recommendation are now before the court.

## I.     Untimeliness

The court notes at the outset that Mr. Blount's objections are untimely under Federal Rule of Civil Procedure 5(b)(2)(C), which says that service by mail is "complete upon mailing." Here, Mr. Blount mailed his objections on December 16, 2020, which is beyond Rule 72(b)(3)'s fourteen-day time limit for his objections. Because there is no clear error on the face of Judge Hegarty's amended recommendation, the untimeliness of the objections is sufficient on its own to overrule Mr. Blount's objections and adopt the recommendation. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)).

## II. De Novo Review

Even if Mr. Blount's objections weren't untimely, they fail a de novo review.

### A. Fact Objections

Blount generally objects to the facts recited in the recommendation. Doc. 66 at 2–3. But his fact objections challenge the recommendation only insofar as it did not include minor details (*e.g.*, that Mr. Murphy examined Mr. Blount in the clinic but not in the decontamination chamber, Doc. 66 at 3), and did not characterize the facts using the words Mr. Blount prefers (*e.g.*, Mr. Blount says that the prison guards "slammed" him to the ground, whereas the recommendation says the guards made Mr. Blount "fall to the floor," *id.*). These objections are semantic, not substantive, and the court won't overrule Judge Hegarty's recommendation on this basis.

### B. Merits Objections

#### i. Claim of Excessive Force

Judge Hegarty concluded that Defendants are entitled to judgment on Mr. Blount's claim for excessive force because: (1) there is no evidence that Defendants acted maliciously or sadistically to cause Mr. Blount harm, and (2) the force used by Defendants was de minimis. Mr. Blount objects to these conclusions on several grounds.

First, he argues that his declaration was sufficient to create a genuine dispute of material fact under Rule 56. Doc. 66 at 4. But Magistrate Judge Hegarty was right that a self-serving affidavit is insufficient on its own to create a *genuine* dispute of material fact and must find

support in the record. *See Pierson v. Bassett*, 534 F. App'x 768, 771 (10th Cir. 2013) (self-serving affidavit cannot be blatantly contradicted by the factual record) (citing *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008)); *Oates v. Englund*, 194 F.3d 1321 (10th Cir. 1999) ("conclusory and self-serving affidavits are not sufficient" are not enough to overcome a motion for summary judgment (citing *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)).

Mr. Blount next argues that the recommendation "ignores" the twelve exhibits he attached to his response in opposition to Defendants' motion for summary judgment. Doc. 66 at 6–8. But the facts in those exhibits that Mr. Blount now highlights do not undermine the amended recommendation's conclusion on excessive force. The amended recommendation notes, for example, that Mr. Blount alleges the use of pepper spray was precipitated by his threat to call in a rape allegation. Doc. 65 at 2. And the amended recommendation's failure to detail all the adverse effects of pepper-spray exposure, Doc. 66 at 6–7, does not change recommendation's conclusion that there is no evidence of malicious intent.

Mr. Blount argues that the recommendation erroneously credits record evidence that Mr. Blount's respiratory distress was not extreme. Doc. 66 at 9–11. But Mr. Blount offers no evidence other than his own testimony that he was in extreme respiratory distress. And as explained, Judge Hegarty was correct that a self-serving affidavit, without more, is not enough to overcome summary judgment. Indeed, the objective evidence in the record shows that Mr. Blount's airway was patent and that his respiratory distress was a two out of ten on a respiratory-distress scale. Doc. 65 at 3. The objection thus cannot serve as a basis to overrule Magistrate Judge Hegarty's recommendation.

### ii. Claim of Deliberate Indifference

Magistrate Judge Hegarty concluded that Defendants are entitled to summary judgment on Mr. Blount's claim of deliberate indifference to serious medical need. Doc. 65 at 7–8. Mr. Blount raises no objection to this conclusion and the court finds no clear error on its face.

### iii. Defendant Curtis Murphy

Magistrate Judge Hegarty recommended that Defendant Curtis Murphy is entitled to summary judgment because (1) there is no evidence Mr. Murphy used *any* force against Mr. Blount, and (2) there is no dispute Mr. Murphy provided Mr. Blount with medical care. Doc. 65 at 8. Mr. Blount does not object to the first conclusion. Mr. Blount disputes the second conclusion to the extent he argues that Mr. Murphy waited an hour to provide him with medical care. Doc. 66 at 14. But Mr. Blount cites no support for that assertion, which contradicts the record. Doc. 65 at 3. The court won't overrule the amended recommendation on this basis.

## CONCLUSION

Accordingly, it is **ORDERED** that:

The Amended Report and Recommendation on Defendants' motion for summary judgment (Doc. 65) is **ACCEPTED** and **ADOPTED** and the initial Report and Recommendation (Doc. 64) is **DENIED AS MOOT**; and

Defendants' motion (Doc. 40) is **GRANTED**. The clerk is directed to enter judgment in favor of Defendants and close the case.

DATED: December 23, 2020          BY THE COURT:

Hon. Daniel D. Domenico